MEMORANDUM *
Robert Gray sued his former employer, Rent-A-Center West, Inc. (“RAC”), for injured worker discrimination under Or. Rev. Stat. § 659A.040 and violation of Oregon’s Family Leave Act, Or. Rev. Stat. § 659A.150 et seq. After removing the case to federal court, RAC moved to dismiss and compel arbitration pursuant to an arbitration agreement which Gray signed as part of his hiring documents. The district court granted RAC’s motion, and Gray filed this appeal. Gray contends that the arbitration agreement is unenforceable because it is unconscionable. We agree, and therefore reverse and remand to the district court.
Oregon courts have no bright-line formula for the unconscionability analysis. See Vasquez-Lopez v. Beneficial Or., Inc., 210 Or.App. 553, 152 P.3d 940, 948 (2007). The primary focus, however, is the “substantial disparity in bargaining power, combined with terms that are unreason *16 ably favorable to the party with the greater power.” Id. (quoting Carey v. Lincoln Loan Co., 203 Or.App. 399, 125 P.3d 814, 828 (2005)). Both procedural and substantive unconscionability are relevant considerations, but only substantive unconsciona-bility is “absolutely necessary.” Id.
Disparity in bargaining power is endemic in contracts between employees and employers. It is present here. Gray, as an employee, had virtually no bargaining power when he signed RAC’s standard form arbitration agreement. He had no real opportunity to negotiate the terms. See Motsinger v. Lithia Rose-FT, Inc., 211 Or.App. 610, 156 P.3d 156, 160 (2007) (unequal bargaining power existed where employee received a standard form contract as part of hiring process and had to accept terms on a “take-it-or-leave-it” basis).
Combined with the unequal bargaining power, the arbitration agreement includes a cost-sharing term that requires the employee and employer to share the costs of arbitration equally.[1] As a practical matter, an equal cost of arbitration will discourage most workers from seeking redress from an employer in the arbitral forum. An arbitration agreement cannot “den[y] a litigant the opportunity to vindicate his or her rights in the arbitral forum.” Vasquez-Lopez, 152 P.3d at 951 (citing Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 90, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000)). A litigant is effectively denied access to the arbitral forum “when the cost of arbitration is large in absolute terms ... [and] ... th[e] cost is significantly larger than the cost of a trial.” Id. at 952. Gray testified that he is financially unable to pay the anticipated $7,500 in arbitration expenses; his testimony is uncontradicted. For Gray, who earns minimal wages, several thousands of dollars is both large in absolute terms and large relative to the cost of a judge, for whom neither party has to pay in civil court. Equal cost sharing here is “sufficiently onerous” to deter Gray from vindicating his claim. Cf. id. (cost-sharing term was “sufficiently onerous” where borrowers to a loan agreement had to pay half of arbitrator’s fee for day one, and all fees thereafter).
Granting that the cost-sharing term allows the law of the jurisdiction to apply if such law requires a different allocation of fees, the clause does not save the cost-sharing term here from being unconscionable. Cf. Circuit City Stores, Inc. v. Adams, 279 F.3d 889, 894 n. 5 (9th Cir.2002) (agreement’s cost-sharing term was unconscionable even though it contained provisions that could potentially limit the employee’s liability for fees).
RAC asserts, in a footnote in its brief, that this court may sever the cost-sharing term from the arbitration agreement. Because the district court did not consider severing, we decline to consider it here. See Dodd v. Hood River County, 59 F.3d 852, 863 (9th Cir.1995) (noting that, in general, this court does not consider an issue not addressed below).
Because of the arbitration agreement’s cost-sharing term, in addition to Gray’s *17 unequal bargaining position, we must conclude that the agreement is unconscionable under Oregon law and therefore unenforceable.[2]
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The cost-sharing term provides: "The Company and I shall equally share any filing fees and the cost of the Arbitrator's fee, in the amount and manner determined by the Arbitrator, ten (10) days before the first day of hearing. Each party shall pay for its own costs and attorneys’ fees, if any. However, if any party prevails on a statutory claim which affords the prevailing party attorneys' fees, or if there is a written agreement providing for fees, the Arbitrator may award reasonable fees to the prevailing party. In the event the law of the jurisdiction in which the arbitration is held requires a different allocation of fees and costs in order for this Agreement to be enforceable, then such law shall be followed.”

. In light of this conclusion, we need not address Gray's argument that the arbitration agreement is unenforceable because it lacks adequate consideration.